IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA JO FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-00554 |
| | ) | Judge Nora Barry Fischer |
| FRANK BISIGNANAO, | ) | Docket No. 10 |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

Christina Jo Farmer ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner") again denying, on remand, her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-403 (the "Act"). Now pending before the Court is Plaintiff's Motion for Summary Judgment (Docket No. 10), which has been fully briefed. (Docket Nos. 11 and 14).

**II.     PROCEDURAL HISTORY**

On September 20, 2019, Plaintiff filed an application for disability insurance benefits ("DIB") alleging disability as of October 1, 2016 through the date she was last insured ("DLI"), December 31, 2018. (Administrative Transcript, Docket No. 4 (hereafter "Tr.") at 183-86).[1]  Her

---

[1] A certified copy of the transcript of the complete administrative proceedings was made of record at Docket No. 4 as follows: 4-1 Court Transcript Index; 4-2 pp. 1-59; 4-3 pp. 60-99; 4-4 pp. 100-182; 4-5 pp. 183-203; 4-6 pp. 204-288; 4-7 pp. 289-606; 4-8 pp. 607-1143; 4-9 pp. 1144-1763; 4-10 pp. 1764-1804; 4-11 pp. 1805-1849; 4-12 pp. 1850-1918; 4-3 pp. 1919-1945; 4-14 pp. 1946-1969; 4-15 pp. 1970-2082; and 4-16 pp. 2083-2209.

1

application being denied by the Social Security Administration (the "SSA") at the initial and reconsideration levels of review, it then proceeded to a telephonic Administrative Law Judge ("ALJ") hearing before ALJ Michael Kaczmarek on March 9, 2021, at which Plaintiff and an impartial vocational expert testified (Tr. 104-07, 112-15, 32-59). On April 19, 2021, ALJ Kaczmarek issued a Decision denying her application, and on November 10, 2021, the Appeals Council denied her request for review, rendering that decision (the "2021 Decision") final pursuant to 20 C.F.R. § 404.981. (Tr. 12-31, 1-6).[2]

Plaintiff filed suit in this Court the following month. *See Farmer v. Kijakazi*, 2:21-cv-01896-ANB.[3] And on February 15, 2023, the late Hon. Alan N. Bloch issued his Order granting Plaintiff's Motion for Summary Judgment in the form of remand for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (*Id.*, Docket No. 16 at 1). Said Order held that the ALJ's decision reflected "inadequate consideration of all the evidence relevant to Plaintiff's claim", and that, while the Court did "not suggest that remand [would] necessarily lead to a different outcome, … further consideration and explanation [were] necessary." (*Id.* at 9). More

---

[2] In reaching his determination, ALJ Kaczmarek found that Plaintiff (1) had not worked during the period relevant to her claim (October 1, 2016, through December 31, 2018), and (2) had eleven severe medically determinable impairments ("MDI"s), (3) none of which met or equaled the severity of a listed impairment. In then formulating Plaintiff's residual functional capacity assessment ("RFC") at step (4), the ALJ found that Plaintiff would be limited to "light work", with added physical limitations such as "an opportunity to alternate sitting and standing every thirty minutes" and limitation to only "frequently handle, finger and feel bilaterally". He further found that she would be restricted to work that (1) would only require "routine, repetitive tasks at the SVP 1 to 2 level with no commercial or nighttime driving" and (2) would *not* require "concentrated exposure to extremes of noise," "light," "heat, cold, vibration, wetness, humidity, and environmental irritants." After finding that these limitations would not permit a return to Plaintiff's past work as a "nurse aide" or "home health aide", the ALJ concluded, on evidence of the vocational expert, that Plaintiff's RFC, age (as a "younger" individual under the Act), education and work experience were compatible with substantial other work in the national economy, sufficient to warrant his finding that Plaintiff was not disabled. (Tr. 12-31).

[3] Plaintiff's Complaint challenged ALJ Kaczmarek's 2021 Decision on three grounds: (1) inadequate consideration of her headaches; (2) failure to recognize that she had medically determinable mental health impairments; and (3) failure to craft an RFC with limitations that reflected all her medically determinable impairments, especially with respect to the "complex interplay between episodic neurological and cardiac symptoms." (*Id.*, Docket No. 16 at 4). The Court found Plaintiff's second and third grounds "largely unpersuasive" but ordered remand on the first. (*Id.* at 8-9).

particularly, the Court found that the ALJ's "exceedingly brief mention of evidence related to Plaintiff's headaches fail[ed] to show the Court" that he considered (vs. "overlooked") "significant headache evidence" from the relevant period. (*Id.* at 4, 5, 7). *See also* Section IV, *infra*.

On March 20, 2023, the Appeals Council issued an order remanding the case to ALJ Kaczmarek for further administrative proceedings consistent with the Court's Order (Tr. 1843). On January 4, 2024, ALJ Kaczmarek held another telephonic administrative hearing at which Plaintiff and a vocational expert provided brief testimony (Tr. 1794-1804). *See also* Docket No. 11 at 14. And on April 10, 2024, ALJ Kaczmarek issued another decision, again finding Plaintiff not disabled for the period from October 1, 2016 through December 31, 2018 (Tr. 1771-93).[4] The Appeals Council then denied her request for review, rendering that decision (the "2024 Decision") the agency's final decision. *See* Section IV, *infra.*

The issues at hand are whether (a) substantial evidence exists in the record to support the ALJ's 2024 Decision, and (b) the correct legal standard was employed. On deferential review and as more fully set forth below, the Court finds that the administrative record sufficiently

---

[4] In his 2024 Decision, ALJ Kaczmarek reached ultimate findings similar to those of his earlier decision, *e.g.*, the ALJ found that Plaintiff (1) had not worked during the period relevant to her claim, and that she had multiple severe MDIs, including "coronary artery disease," "hypertension," "aneurysm of the carotid artery," "status post anterior cervical discectomy and fusion (ACDF) with plating at C5-6," and "multiple sclerosis (MS)." In the RFC, he again found that Plaintiff would be (1) limited to "light work" with additional physical limitations such as limitation to only "frequently handle, finger and feel bilaterally"; and (2) further restricted to (a) "routine, repetitive tasks at the SVP 1 to 2 level with no commercial or nighttime driving" and (b) work with no "concentrated exposure to extremes of noise," "light," "heat, cold, vibration, wetness, humidity, and environmental irritants." After concluding these limitations would not permit a return to Plaintiff's past work, the ALJ found that Plaintiff's RFC, age, education, and work experience were compatible with other work in the national economy sufficient to warrant a finding that she was not disabled for the relevant period. (*Id.*; *see also supra* n. 2).

The Court notes that Plaintiff suffered a myocardial infarction in July 2017 and in follow-up received an MRI of the brain and CT scan of the head and neck within a few months thereafter, and a subsequent MRI of the cervical and thoracic spine. A second MRI of the brain in October 2018 showed lesions and Plaintiff began treatment for MS later in 2019. (Docket No. 11 at 12) (citing administrative record).

supports the ALJ's Decision on remand, and that those further proceedings complied with both applicable standards and this Court's prior Order. Plaintiff's Motion for Summary Judgment [10] is accordingly denied and judgment granted in favor of the SSA/Commissioner.

### III.    STANDARD OF REVIEW

To be eligible for Social Security benefits under the Act, a claimant must demonstrate that she cannot engage in "substantial gainful activity" because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). When reviewing a claim, the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, she is able to perform substantial gainful activity in jobs available in the national economy. *See e.g., Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

The Court's review of the agency's final decision is plenary for questions of law. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). It reviews the ALJ's findings of fact for "substantial evidence" and reviews the administrative record as a whole. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g));[5] *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002); *Kent v. Schweiker*, 710 F.2d 110 (3d Cir. 1983). This evidentiary threshold is not high, and "substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154; *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). If the ALJ's decision is supported by such evidence, it is conclusive. The Court may not "set aside" the decision "even if this Court 'would have decided the factual inquiry differently.'" *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

As the Supreme Court has explained, however, the ALJ must provide a satisfactorily clear articulation of the basis for his conclusions:

> An agency action qualifies as "arbitrary" or "capricious" if it is not "reasonable and reasonably explained." *FCC* v. *Prometheus Radio Project*, 592 U. S. 414, 423, 141 S. Ct. 1150, 209 L. Ed. 2d 287 (2021). In reviewing an agency's action under that standard, a court may not "'substitute its judgment for that of the Agency.'" *FCC* v. *Fox Television Stations, Inc.*, 556 U. S. 502, 513, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009). But it must ensure, among other things, that the agency has offered "a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Assn. of United States, Inc.* v. *State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983) (internal quotation marks omitted).

---

[5] Section 405(g) provides in pertinent part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business.

*Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384, 2024 U.S. LEXIS 2846, at *18 (June 27, 2024); *see also Cotter v. Harris,* 642 F.2d 700, 704-05 (3d Cir. 1981); *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (noting that ALJ must "build an accurate and logical bridge between the evidence and the result"); Docket No. 14 at 6.  As the Supreme Court reiterated in *Ohio v. EPA, supra, w*hen considering a case, a district court can neither conduct a *de novo* review of the decision nor re-weigh the evidence of record.  It must judge, under the applicable standard, the propriety of the decision in reference to the grounds invoked by the Commissioner when the decision was rendered.  *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196–97 (1947).

## IV.   ANALYSIS

On appeal, Plaintiff asserts that the ALJ's 2024 Decision was again in error, as it failed to properly consider and support her "two different types of headaches [migraine and lesser] with associated limitations." (Docket No. 11 at 1).  Plaintiff's primary "contention" is that (a) the ALJ's discussion remained "unacceptably brief" and (b) her documented reporting of headaches and receipt of treatment for them during the relevant period would, if properly considered, have disqualified her (by number of absences and degree of disability) from work in the national economy.  (*Id.* at 14-17).   For the reasons set forth below, the Court must reject Plaintiff's contentions and affirm, under the applicable standards, the 2024 Decision.  More particularly:

In ordering remand for further consideration and explanation of the agency's determination as to Plaintiff's headaches, the Court expressed its concern that the 2021 Decision omitted/appeared to overlook some "at least somewhat supportive evidence" of headaches during the relevant period.[6]  In particular, it noted both (a) Plaintiff's testimony of experiencing "bad migraines" three

---

[6] The Court's Order notes that the ALJ "acknowledged Plaintiff's headaches only twice" – once referencing Plaintiff's testimony that her side effects from medications included headaches/migraines and once referencing treatment notes

6

to four times monthly and lesser headaches more frequently, and (b) Plaintiff's 2017 and 2018 treatment records referencing her reports of headaches/migraines and including them as an assessed condition. (*Farmer v. Kijakazi*, Docket No. 16 at 5-7). While "[t]he Court recognize[d] that [Plaintiff's "largely unremarkable neurological records", such as her MRI] may have led the ALJ to conclude that Plaintiff's headaches were not themselves" an MDI "for lack of 'objective medical evidence' because 'diagnosis or a statement of symptoms'" are insufficient,[7] the Court found it still "unclear" from the record "why the ALJ did not discuss relevant headache evidence in his evaluation of symptoms of Plaintiff's other impairments and their limiting effect(s)." (*Id.* at 7-8). The Court thus found remand "the best course" on its "primary concern" that the ALJ failed to "provide enough reasoning with regard to the headache evidence for the Court to understand [its role in] his analysis." (*Id.* at 8).

In response, ALJ Kaczmarek's 2024 Decision, while finding that "the treatment records did not establish a separate migraine disorder", nonetheless discussed and considered Plaintiff's "migraines" and "headaches" during the relevant period both (1) as symptoms of her cervical degenerative disc disease and multiple sclerosis, and (2) with fuller reference to her treatment records and neurological reports. The decision also (1) expressly concluded after "careful consideration of the evidence" that her subjective statements concerning the "intensity, persistence and limiting effects" of her symptoms were "not entirely consistent with the medical evidence and other evidence" of record as explained therein; and (2) incorporated related functional limitations, accommodative to her "headaches or migraines" in the RFC assessment. *See e.g.*, Tr. 1777, 1781,

---

of almost daily headaches after her date last insured. (*Farmer v. Kijakazi,* Docket No. 16 at 5). *See also id.* at 8 (noting that ALJ's apparent characterization of Plaintiff's headaches- as "a side effect of her medications" and "mostly a post-DLI problem" - was not supported by the earlier evidence discussed in the Order).

[7] *See also* Docket No. 14 at 10 (citing 20 C.F.R. § 404.1529(b)).

1784, and 1786. *See also* Docket No. 14 at 7-11 (summarizing migraine/headache evidence of record and detailing the Decision's discussion, assessment and incorporation of same in the RFC and determination); *id.* at 14-15 (correctly noting that ALJ also discussed Plaintiff's headaches in his analysis of state agency medical findings, and included additional symptom accommodation, *e.g.*, limitations of exposure to noise, light and environmental extremes; and restriction to no commercial or nighttime driving).

### V.    CONCLUSION

In sum, the Court has applied the applicable standard and finds that the ALJ's decision on remand (a) included and considered the evidence relating to Plaintiff's headaches/migraines during the relevant period, (b) sufficiently explained the ALJ's reasonings and findings to permit the Court's meaningful review, (c) included related limitations in its RFC, and (d) based its denial of benefits on substantial evidence found and reasonable decisions made. *See* Sections III and IV, *supra*. Plaintiff's Motion for Summary Judgment [10] is therefore denied and the decision of the SSA/Commissioner is affirmed. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: February 3, 2026

cc/ecf: All counsel of record.